JOHN S. SAMMIS, APPELLANT, vs. WILLIAM MATTHEWS, APPELLEE.

1. A., the purchaser of a tract of land, pays one-half of the purchase-money and gives a mortgage to secure the balance to B., the vendor. B., the original vendor and mortgagee of A., sells and assigns the mortgage unconditionally to C. C. takes it independent of any verbal conditions attending the original sale by A. to B., so far as they were for the benefit of B.

2. A sale of a security for less than its face value will not be set aside because made reluctantly and when one is greatly in want of money, the sale not being unusual or oppressive, there being no fraudulent advantage, imposition, or illegal restraint or duress.

Appeal from the Circuit Court for Duval county.
The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellant.

*R. B. Archibald* for Appellee.

MR. JUSTICE WESTCOTT delivered the opinion of the court:

This case arises upon demurrer sustained to appellant's amended bill, a previous demurrer having been sustained to the original bill.

The foundation of the suit is a transaction occurring on the 11th of April, A. D. 1873, between the appellant and a corporation known as the "Florida Winter Home Association." On that day the appellant made a deed in fee simple absolute to the association named, containing one hundred and thirteen acres of land. In this deed there is no agreement or limitation as to its use, or the purpose to which the land was to be appropriated. Plaintiff alleges that it was agreed before the execution of the deed that the corporation should pay for the land $10,000 in cash; that as an inducement to sell the land the association agreed and contracted to divide the land into lots to establish "a social community," with religious, social and educational advantages, to build school-houses and churches, and to keep up a ferry-boat to run from the land sold to the city of Jacksonville, for the convenience of the settlers on the land and of all persons residing in the neighborhood of the place; that he, with his family, should have "transportation free on said steamboat;" that he was the owner of property adjoining this land, and that the agreement to do all these things was an inducement and consideration for his contract and deed.

Plaintiff then alleges that when the deed was executed the company did not pay in cash the $10,000; that instead thereof it paid $5,000 cash and gave a mortgage on the land for the remaining $5,000. He then states, and this seems to be the equity that he relies on, that at that time he was greatly in need of money; that this was known to the corporation, and that he was forced and compelled

to accept the $5,000 in cash and a mortgage on the property for the balance.    As to the other innumerable things alleged to have been agreed to be done—building churches, running ferry-boats, &c., &c.—plaintiff alleges that they were only partially performed by said association; that but few lots were sold, and that the ferry-boat run less than two years.

Plaintiff connects the defendant with these conceived wrongs of the corporation by alleging that he was the officer of the corporation with whom the negotiation which was consummated by the deed was had, and that he had notice of his equities in this behalf.    Plaintiff alleges further that when the mortgage for $5,000 became due, the defendant representing the association proposed to take it up, positively refusing, however, to pay the full amount thereof by three hundred dollars, alleging that the tract of land conveyed did not embrace all of the land intended and bargained to be conveyed by two or three acres, which plaintiff alleges he had sold long before the transaction between him and the corporation, and that defendant knew such to be the fact.    Plaintiff alleges that he insisted upon full payment, denied any agreement to sell the two acres, and that the association had gotten all the land called for by the deed; that defendant persisted in his refusal to pay the $5,000 and interest, and " knowing your orator's necessities, who was greatly in want of money at said time, forced and compelled your orator to accept the said sum of $4,700, and to deliver up the mortgage to the defendant, your orator doing so reluctantly and giving said defendant notice then and there that whenever your orator could properly do so he would collect said deficiency, to-wit: " The three hundred dollars, principal and interest, due on said mortgage."    Plaintiff alleges further that acting under this compulsion he assigned the said mortgage

to defendant in his own name; that defendant as assignee subsequently sold the property under his mortgage, bought it in and had the deed made to himself personally, and that he now claims to hold it in his private capacity. Plaintiff alleges that this was all of the property owned by the association and that its sale operated to dissolve the corporation. The bill contains some allegations which would appear to appertain to the rights of a stockholder. We omit them in this statement. He is not a stockholder, and if any equity exists in this behalf he cannot assert it. Plaintiff nowhere alleges that when he assigned the mortgage to defendant, made under the compulsion that results from a want of money, the defendant agreed to do the many things that he alleges the corporation had agreed to do.. The allegation is that he had notice of the agreement. Plaintiff alleges that he is the owner of several hundred acres of land adjoining the tract sold, and that the damage resulting to him from the failure of the defendant to do all of the things mentioned " is the sum of at least three thousand dollars." Plaintiff alleges further that he had on the land sold to the corporation three hundred sweet orange trees, which he presented to the corporation on condition that the purchaser of each lot should have without charge at least a dozen of the trees; that defendant. had notice of this agreement and has sold the trees. Plaintiff claims $300 damages. He alleges also that defendant is indebted to him in the sum of $15 for " the use of certain jack-screws," and in "$15 for the use of certain blocks and fall chains used in connection with a boat," which boat had been the property of said association. He alleges also that the association agreed to make him a deed for one-quarter of an acre of the land for a burying ground, but that defendant executed to him a deed for only twenty feet square after he bought the land; that the plaintiff took the deed but protested that he had been defrauded.

Plaintiff prays discovery, for a decree for three thousand dollars with interest from the date of his deed of the land to the company, for the other sums alleged to be due him, for a decree of specific performance of the contract by dividing the land into lots and selling said lots, building churches, establishing a ferry with a steamboat, &c., and that the deed for twenty feet square of land may be cancelled, and in lieu thereof defendant be required to execute a deed for one-fourth of an acre of land to be used as a cemetery by him to the plaintiff.

A demurrer to this amended bill was sustained and the bill dismissed. From this action of the court this appeal is taken. We think the decree of the court eminently proper.

Whatever may have been the right of this plaintiff, and we think he had none, to have insisted upon incorporating alleged contemporary verbal conditions as to the future use of the land embraced in his warranty deed in fee simple absolute to this corporation and to recover damages for its alleged non-performance, instead of rescinding the contract, as against the corporation, it is immaterial to inquire. His suit here is against this defendant, his assignee of the mortgage with all of his rights under it. He does not allege that he at that time claimed any further or future rights in the premises. On the contrary he admits that he presented the mortgage that it might be taken up and satisfied, and the only objection which he makes that could be available in his behalf as against this defendant is that his act in accepting $4,700 instead of $5,000, the amount of the mortgage assigned, resulted from his want of money at the time, and he seeks not to rescind the contract so far as it benefited him but to keep the $4,700 which he agreed to take and did take, and to force the defendant to pay $300 which the defendant not only refused to pay but which he, the plain-

tiff, by his accepting the $4,700, agreed that the defendant should not pay.

The compromise or sale here is not unusual or oppressive. There is neither fraudulent advantage or imposition. There is no act through fear of death or mayhem, and there is no illegal restraint of liberty. Even the extent to which he wanted money is not alleged. His allegation is: " And knowing (meaning thereby that the defendant knew) your orator's necessities, who was greatly in want of money at said time, forced and compelled your orator to accept the said sum of forty-seven hundred dollars and to deliver up the said mortgage to him, the said defendant, your orator doing so reluctantly." A transfer of a security for less than its face value because made reluctantly and when one is greatly in want of money is not a ground upon which a court of equity will decree payment of the difference between the face value of the security and the sum received for it. This is all there is in this matter.

The claim for the use of jackscrews and blocks is a matter for which the remedy is at law.

The defendant, for the reasons stated, was under no obligation to carry out the company's alleged contract as to the one-quarter of an acre of land. No such condition accompanied the assignment.

This disposes of the case.

Decree affirmed.